**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| _____ ) | CHAPTER 7 |
| In re:                                ) | |
|                                       ) | CASE NO. 18-32011(AMN) |
| KARLI J. MOSCHETTO                     ) | |
|                         Debtor        ) | JULY 26, 2021 |
| _____) | |

**MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE**

Now comes Kara S. Rescia, Chapter 7 Trustee of the Bankruptcy Estate of Karli J. Moschetto, and hereby moves for an Order pursuant to 11 U.S.C. §§ 363(b) and (f), 11 U.S.C. § 725, and Bankruptcy Rule 6004(c) granting authority to sell by private sale the Judgment in Favor of Kara S. Rescia, Chapter 7 Trustee, Plaintiff against Peter Moschetto, Jr. (Doc. Id. 55 in Adversary Proceeding No. 19-03018) (the "Judgment") to Marc J. Kadis of 30 Gray Birch Terrace, Newton, Massachusetts, for the total gross sum of Three Thousand and 00/100 Dollars ($3,000.00), free and clear of all liens and encumbrances. A corresponding Notice of Sale of Estate Property is filed simultaneously herewith. As grounds therefore and in support of this Motion, the Trustee respectfully represents the following:

1. On December 7, 2018 (the "Petition Date"), the Debtor, Karli J. Moschetto (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. On that date, Kara S. Rescia was duly appointed the Chapter 7 Trustee and continues to act in that capacity (the "Trustee").

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. After the Trustee's investigation, she determined that the Debtor's ex-husband, Peter Moschetto, Jr. ("Mr. Moschetto"), executed a promissory note in the original principal

1

amount of $125,000.00 to the Debtor attributable to a loan given by the Debtor to Mr. Moschetto (the "Promissory Note"), giving rise to a claim for turnover of property of the Bankruptcy Estate pursuant to 11 U.S.C. § 542.

4.    Accordingly, on October 8, 2019, after receiving no response to demands made to Mr. Moschetto, the Trustee initiated an adversary proceeding (Adv. Pro. No. 19-03018 (the "Adversary Proceeding")) for turnover of the principal and interest accrued pursuant to the terms of the Promissory Note.

5.    Pursuant to the Order of this Court entered on September 10, 2020 approving the Agreement for Judgment between the Trustee and Mr. Moschetto (Doc. Id. 54 in the Adversary Proceeding), the Court entered the Judgment against the Debtor on September 10, 2020 in the amount of $95,816.91 (Doc. Id. 55 in the Adversary Proceeding).

6.    The Debtor did not claim any exemption in the Promissory Note on her Schedule C.

7.    Mr. Moschetto has been making $100 monthly payments to the Trustee and has paid the total sum of $1,000 to date, which shall be credited toward the Judgment, reducing the amount due under the Judgment to $94,816.91 plus statutory interest accruing at the federal rate beginning September 10, 2020.

8.    The Judgment is being sold free and clear of all liens and encumbrances. In accordance with Conn. L. Bankr. R. 6004-1, there are no named respondents to this motion as there are no lien or interest holders in or against the Judgment.

9.    The Trustee solicited offers from several third party asset buyers directly and is currently soliciting offers for the Judgment from third parties through a listing on the National Association of Bankruptcy Trustees Market Assets for Sale website.

10.    The Trustee received an offer of $3,000 to purchase the Judgment from one third party asset buyer she solicited directly, Marc J. Kadis (the "Buyer"). The Trustee is holding in escrow a

good-faith deposit of $600 from the Buyer, subject to Bankruptcy Court approval of this sale and subject to higher offers.

11.   The reduced purchase price is based on the collectability and marketability of the Judgment.

12.   The Trustee has not received any higher offers to date.

13.   The Trustee believes that the sale of the Judgment by private sale is in the best interest of the Estate. The Trustee believes that the purchase price exceeds that which would be realized at any other disposition such as a public auction. The Trustee believes that the purchase price is fair and reasonable.

14.   The Trustee believes that a sale of the Judgment may be authorized pursuant to 11 U.S.C. § 363(b).

15.   As set forth in the Notice of Intent to Sell Property filed simultaneously herewith, the Trustee will solicit any higher offers for the Judgment in the amount of $4,000 or more, to be accompanied by a deposit of at least 20% of the proposed offer.

16.   The Buyer shall receive any monthly payments made to the Trustee beginning with the August 2021 payment through consummation of the sale. Such payments shall be in the form of a credit toward the purchase price due to the Bankruptcy Estate.

17.   Please take notice that any objections or higher and better offers to this private sale must be filed with the Clerk of the United States Bankruptcy Court, 157 Church Street, New Haven, Connecticut 06510, on or before the deadline set forth in the Notice of Sale of Estate Property with a copy to the Chapter 7 Trustee, Kara S. Rescia, Esq., Rescia Law P.C., 5104A Bigelow Commons, Enfield, Connecticut 06082, or by email: kara@ctmalaw.com, and to the Buyer, Marc J. Kadis, 30 Gray Birch Terrace, Newton, Massachusetts 02460, or by email: majoka1@hotmail.com.

18.   Any objections or higher offers must state the name and docket of this case. Any objection

must identify the party objecting to the proposed sale and must state the specific reasons for the objection. Any reasons not set forth therein may be deemed to be waived.

19. If no objection or higher offer is timely filed, the sale may be approved without further notice or hearing.

20. In the event that an objection or higher offer is timely filed, the Court will schedule a hearing on whether or not the intended sale should be approved. Any party filing an objection or counteroffer will be expected to appear at the hearing (either remotely or in person as directed by the Court) or have a representative appear on their behalf and to submit bids. At that hearing, the Court may take further action without further notice to parties in interest.

21. The Trustee further requests that the fourteen day stay required by Federal Rule of Bankruptcy Procedure Section 6004(h) be waived.

**WHEREFORE**, the Trustee respectfully requests pursuant to 11 U.S.C. §§ 363(b) and (f) that an order enter authorizing;

1. The sale of the Estate's interest in the aforesaid judgment free and clear of all liens and encumbrances subject to further order of this Court;

2. For the fourteen day stay required by Federal Rule of Bankruptcy Procedure Section 6004(h) to be waived; and

3. For such other relief as this Court deems just and proper.

KARA S. RESCIA, TRUSTEE
For the Bankruptcy Estate of Karli J. Moschetto

/s/Kara S. Rescia, Esq.
Kara S. Rescia, Esq. Federal Bar No. CT18001
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082
Tel. No. (860) 452-0052
Email: kara@ctmalaw.com
Date: July 26, 2021

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| _____ ) | CHAPTER 7 |
| In re:                                                         ) | |
|                                                                  ) | CASE NO. 18-32011(AMN) |
| KARLI J. MOSCHETTO                           ) | |
|                        Debtor                          ) | |
| _____ ) | |

## PROPOSED ORDER AUTHORIZING SALE OF ESTATE PROPERTY

This cause having come before this Court upon the Motion of the Trustee herein to Sell Doc. Id___ and Notice of Sale of Estate Property Dc. Id. __ and after a duly noticed hearing, it is hereby

**ORDERED** that the Trustee herein be, and she is hereby, authorized to sell at private sale, in accordance with Rules of this Court, all right, title and interest of the Estate in and to the Judgment in Favor of Kara S. Rescia, Chapter 7 Trustee, Plaintiff against Peter Moschetto, Jr. (Doc. Id. 55 in Adversary Proceeding No. 19-03018) (the "Judgment") in the amount of $94,816.91 plus statutory interest accruing at the federal rate beginning September 10, 2020 to Marc J. Kadis of 30 Gray Birch Terrace, Newton, Massachusetts, free and clear of all liens and encumbrances, for the sum of Three Thousand and 00/100 Dollars ($3,000.00);

**AND IT IS FURTHER ORDERED** that the Buyer shall receive any monthly payments made to the Trustee beginning with the August 2021 payment through consummation of this sale in the form of a credit toward the purchase price for the Judgment due to the Bankruptcy Estate; and

**AND IT IS FURTHER ORDERED** that the Trustee is authorized to execute any documents necessary to effectuate the sale;

**AND IT IS FURTHER ORDERED** that the fourteen day stay required by Federal Rule of Bankruptcy Procedure Section 6004(h) is hereby waived.